May it please the court, I am Jim Hoffman and I represent Markette Tillman. This is a 2255 petition out of the District of Nevada involving ineffective assistance of counsel. One of the issues here is that trial counsel advised Mr. Tillman to waive his direct appeal despite the fact that there were three separate trial errors where a judge had explicitly said that an error was present. In one of those, a panel of this court expressly held that it was an error and reversed the lower court's order. The other issue here is that trial counsel failed to explain the concept of vicarious liability to Mr. Tillman, and so he thought that because he personally had been acquitted of murder in state court, he couldn't be convicted under RICO and federal court for a similar charge. So I'm going to talk a bit about each of these errors, but my overall point is that these are all very similar. So the first issue is that for most of the pretrial period, Tillman was represented by a lawyer named John Greel, who he had a good relationship with, but the district court forcibly severed that relationship about six weeks before the trial was scheduled to happen. That was a right violation of the right to Sixth Amendment counsel. So in this situation, the judge was clearly motivated by personal feelings of anger. He wasn't following the making a rational decision. So here are some quotes from the judge. He ranted about the horrific and outrageous cost of the defense's representation. He blamed the judge who recused himself and then was replaced by the judge who ruled on the 2255. Yes, that's correct. So he blamed himself and he also blamed this court for quote inappropriately supervising CJA funding. He stated that Greel was using a strategy quote in capital cases to delay, delay, delay third, fourth to bill, fifth to bill. Why does this have any relevance to the decision made by the subsequent judge? The plea occurred in front of the subsequent judge. The 2255 was in front of the subsequent judge. I don't see why this is relevant to whether it was an error in later rulings. Well, if you look at the order denying the 2255 petition, that order explicitly cites the order disappointing Greel and it adopts the same reasoning. It says that the original judge was, I'm paraphrasing here, but that he was doing a good job, that he was concerned with the dignity of the court and the fairness of the process. And I think from the record, it's very He's not entitled to counsel of his choice. So the only question is whether or not, whether or not the first lawyer should have been removed, you know, ultimately isn't the issue. It's whether or not the lawyers he was given were ineffective. Yeah, your honor. So I think that's basically right. If it's retained counsel, there's a presumptive right to the counsel of your choice. And if it's appointed counsel, there's a right to effective counsel. And so my argument here would be these other claims show that counsel, his new counsel was not actually effective. So when Greel was denied, he got stuck with these counsel who weren't effective and that caused damage. I want to make sure I understand what your claim is that they were ineffective. Are you saying that they should have gotten me a deal that didn't have an appellate waiver? Or is it that you would have gone to trial so as to preserve the issues and get around the insistence on the appellate waiver and then you would have won on appeal? Which of those are you asserting? So I think there are two ineffective assistance claims here. And basically, I think one of them is one theory that you're saying and the other one is the other theory. I would also point to the next issue, which is the speedy trial issue. I'm not sure I followed that. So the government says they wouldn't have given an appellate waiver, right? I don't know that that's true. I believe there was an earlier version of the deal that might have had an appellate or that. I'm sorry. I guess I'm confused. I don't understand your question. You rephrase it, please. Did the government say, did the government in the 18-year deal have an appellate waiver or not? I do not believe that it did. I would have to check that to be sure. Okay. I thought it said, oh, go ahead. No, go ahead, Judge Collins. I thought it said that Tillman's attorneys, your client's attorneys in the affidavits done in the 20 to 55 proceeding and the quote is, the government insisted upon his waiver of certain collateral rights, in particular, a challenge to a violation of his speedy trial rights as essential to his acceptance of the guilty plea, close quote. So weren't they just insisting that there was not going to be a plea without an appellate waiver? And I don't know that it's, how is it ineffective to try if you can't get, persuade the government to do what it insists it will not do and has discretion not to do. Yes, your honor. So my understanding, and again, I would have to go back and confirm this in the record, is that the 18-year plea deal before trial did not have an appellate waiver. And then they insisted on an appellate waiver as part of the, I don't want to say trial tax, but as part of the 23-year deal that happened after he went to trial. And as the issue about the vicarious liability explains, he only took that 23-year deal because his lawyers had incorrectly explained or had failed to explain vicarious liability. Can I ask you, don't we have to find clear error in the district court's finding that he never was explained vicarious liability either by learning counsel, the counsel he liked, or by new counsel? I mean, that seems far-fetched based on my experience of going through these learned counsel cases where everything is laid out for defendants. Wouldn't we have to find clear error in all those findings, including the finding of credibility that the trial court made? Go ahead. I'm sorry. No, your honor. I think one issue here is that the district court didn't order an evidentiary hearing. And there's some case law in the briefs about how when things happen outside of court, it's important to have an evidentiary hearing. I would also point to the fact that, you know, again, the second judge sort of adopted these findings about Greel's disappointment that were very clearly erroneous. And this court has actually said it was erroneous, it was clearly erroneous to disappoint Greel, basically just sort of eviscerated the original judge's ruling on that issue. So the second judge adopted that. The second judge ignored this court's ruling. And I think that should sort of cast a lot of doubt on the second judge's finding on other issues. So, you know, there are other issues here. There's the issue of the conflict that the counsel had, where he had the co-counsel had to cross-examine his former witness, his former client, excuse me. There's also the speedy trial issue, which I really want to underline because he was in jail for six years waiting for this trial. A big portion of the delay was due to this disappointment of Greel, which again, this court explicitly said was clearly erroneous. And I just want to sort of underline how unusual this is. Multiple federal judges, including this court, said that there were errors here. And to me as a defense lawyer, that's like a big flashing neon sign. Hey, we have good issues on appeal. We can get this reversed on appeal. We can get this indictment dismissed entirely, or we can go back and Tillman can have the effective lawyer that he actually wanted. So I guess I would just urge this court to carefully consider what multiple other judges have already found here. And unless there are any more questions, I would like to reserve the remainder of my time for rebuttal. Okay, very good. Let's hear from counsel for the government. You're on mute. Thank you, Your Honor. Adam Flake for the United States. Good morning. First, I just wanted to flat out mistake that I made in my brief and I wanted to apologize. And I hope the court realizes that I just simply made an error and I wasn't trying to deceive the court in any way. And I very much apologize. With respect to the appellate waiver, the original plea agreement, the 18-year plea agreement is not part of the record. And I don't want to get myself into trouble by going to file a motion to supplement the record if the court would like to see that. Does the record say anything? Because even though the document isn't there, it may be that the declarations or comments that were made on hearing transcripts would disclose whether or not it contained an appellate waiver. Is there anything in the record that does? Yes, Your Honor. I believe it is addressed in the supplemental, in the affidavit that we filed. The affidavit is from Oranos and Meningo. And it is on ER 55. The government insisted upon a waiver of certain appellate rights is what Meningo said. To the original 18-year deal or is he saying that with respect to the negotiation of the 23-year? Looking at it, it doesn't make it clear which plea agreement it's referring to. It actually sounds like the second plea agreement. Again, I don't want to get myself into trouble by going outside the record and maybe it's just easier to file a motion to expand the record. But I can tell you that we always, as far as I'm aware, I'm not aware of us in my office entering into any plea agreements that don't contain appellate waivers. That's one of the things that we seek as a term for every plea agreement of which I am aware. And I don't want to, again, it's tricky because we don't have the document that I can point to. But I will just say that I would be very, very, very surprised if the 18-year plea offer, the government wasn't insisting on an appellate waiver. I think the issue was that the appellate waiver that was included in the 23-year deal was quite a bit broader, perhaps, than the appellate waiver in the original deal. Again, unfortunately, I wish I had a copy of the 18-year plea and I would just look at it. But I think that the 23-year deal was probably more specific because they did identify certain particular arguments about speedy trial and stuff like that. But our stock appellate waiver, they waive the right to appeal everything that they're legally allowed to waive, which doesn't include, you know, they're legally not allowed to waive a claim of ineffective assistance. But other than that, we have it as broadly worded as we can. And this one, like, as Joanna mentioned, the 23-year deal did go into more detail just for the sake of being specific and careful. But I don't think it was broader. I don't think that the 18-year deal would have allowed him to raise anything besides ineffective assistance of counsel. Again, you can tell I get nervous when I'm going outside the record. I don't want to get cause problems. Obviously, if we find it essential to the decision to get the 18-year plea deal, we'll ask for it. But you're fine. You've negotiated that line just fine. Let me ask you a question. With respect to the 18-year deal, the petitioners claim as to that deal, basically the prejudice is he's serving five extra years that he should not be, in his view. His argument there is that his lawyers hadn't advised him about the potential for vicarious liability. And, you know, I understand that the district court made a credibility finding, so to speak. But it wasn't in the context of ruling on his 2255. And, of course, we have, so what we have is his assertions in the 2255 context contrasted with his lawyer's assertions. And normally, our cases say you need to have an evidentiary hearing to resolve that factual conflict. Maybe can you explain why, in your view, an evidentiary hearing in the circumstances we have here is not needed? Sure, your honor. Thank you. It's kind of a unique situation, I don't know if unique, but at least unusual, where the court actually addressed, heard Tillman make that particular allegation at a different hearing and specifically made a credibility determination at that time when he was asking for a new lawyer before trial. The court, he said that he had never been informed, excuse me, during trial. He said that he had never been informed about vicarious liability. And the district court at that point very specifically said, I find that incredible. And then the district court, in ruling on the 2255, it went ahead and also asked for affidavits from the lawyers. But I would direct the court's attention to the Shaw case, S-H-A-H, which I cite in my brief. And that case says that an evidentiary hearing is not required when the record allows the court to make a determination that an allegation is incredible. And Shaw even goes further and it says that the court can base that determination on its experience with trial counsel. And in Shaw it says that the court made a finding based on what it knew about these lawyers and that the advice that the defendant was claiming would have been highly unusual in that case. And I would say that's exactly what happened here. The court heard Tillman make this allegation. The court talked extensively about how, you know, the fact that he had had learned counsel, the fact that they had billed over a million dollars, the fact that this case had gone on for six years. And it just did not, the court didn't feel like it needed additional fact finding in order to make a credibility assessment. And I think that under the Shaw case and the other cases cited in my brief, I think the court was well within its discretion in doing so. And then the... What was the context for that earlier finding? Just flesh that out a little bit. How did it come up? It was, it was after, after trial started and Tillman said, hey, I didn't know about vicarious liability. I want a new lawyer. I want, you know, I'm not happy with how this is going. And the court said, I just don't believe you. I don't believe that you didn't, I don't believe that you learned today about vicarious liability. This is after the government's opening statement, but before he tendered his guilty plea? I believe so, your honor. And if I can have one second on, I'll just look at my brief and I can give you a record site. Yeah. So it was November 25th, 2014. And it's at ER 127. Was that, was that hearing? Okay. That's fine. Okay. Sorry about that. The... Was it ever contested that he was the shooter out of curiosity? I thought it never was. I'm not, I'm not sure if it was, your honor, the government's theory of the case. It didn't, it didn't matter. It doesn't matter for a vicar murder, whether he actually pulled the trigger. No, but it would make sense if right for vicarious liability thinking about it. I mean, this obviously, it seems to me, this was a death penalty case at one point, or at least contemplated as a death penalty case. Correct? That's correct. And so it went through the entire, did it go through, do you know, the DOJ process such that they would have prepared a memo and the defense and the learning council would have also prepared a memo? Your honor, unfortunately I wasn't involved at the case at the time, and I don't know that the particular ins and outs, but I do know that it was extensive. It was two years and it involved going to Washington DC and many, many, many meetings and many motions. So it was thoroughly run the ground. And under Shaw and 2255B then, isn't the argument that the district court didn't abuse its discretion by finding that the record conclusively showed the prisoner is not entitled to relief and didn't need a hearing under that? Exactly, your honor. Okay. And it could factor all those things in, including that had learning council as it did. Is that right? Yes, your honor. It's just the district court's position, which I think is very defensible, was this is just simply an incredible allegation. I don't believe it. I don't need to run this down further. I just simply can't believe Mr. Tillman when he says that he didn't know about vicarious liability until the morning of trial. Okay. If there are no other questions, I'll conclude. Thank you. Okay. Let's see here. We have a little bit of time for rebuttal, I believe. Yes. Okay. So I wanted to start by addressing a question that Judge Collins asked. I went and looked at the record about the plea deal and the presence or absence of an appeal waiver. At excerpts of record 273, defense counsel says that that plea would be, this is a quote, would be able to preserve the issue of a speedy trial right violation on appeal. And then on 276, there's some more discussion of that, where he confirms that that was never written down, but that he orally talked to the prosecutor and the prosecutors were willing to do that in exchange for that earlier plea. So that's just an answer to Judge Collins' question. I also wanted to address the question about vicarious liability, because I don't think the court had enough information to make that decision. The only information it had was this very short statement in the affidavit that was not responsive to any of the specific details that Tillman gave. The lawyers had that in front of them. They could have explicitly said, no, this conversation never happened. Here is the details of when we discussed vicarious liability. They didn't do that. They didn't respond to that. And then the final point I would make is that that judge had previously made erroneous factual findings. There's an issue with the calendar and when the trial was supposed to be scheduled. And the judge got it wrong as the brief discusses accused Mr. Tillman of lying. I think that was wrong. And so for that reason, I would argue that the court should vacate the convictions. Thank you. Okay. Thank you very much. Case just is submitted.
judges: Watford, Thapar, Collins